IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY DRIVER, JR.,

    Plaintiff,                      No. 2:11-cv-2877 KJN P

    vs.

MATTHEW A. LOPES, JR., et al.,

    Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

>The Civil Rights Act under which this action was filed provides as follows:
>
>Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

(9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Here, plaintiff alleges he was assaulted by inmate Freitas on May 20, 2010, that on June 22, 2010, defendant McCartney verbally threatened to set plaintiff up for "more wanton infliction of pain," and that on August 30, 2010, plaintiff was assaulted by inmate Valenzuela, who claimed that "this attack was for writing 602s and telling on his friend, inmate Freitas." (Dkt. No. 1 at 13.) Plaintiff claims he was denied equal protection under the Fourteenth Amendment, and that defendants Lopes, Virga, Ng, and McCartney failed to protect plaintiff from a substantial risk of serious harm.

First, plaintiff included no factual allegations demonstrating that defendants Lopes or Virga were personally connected to these assaults. Plaintiff appears to have named defendants Lopes and Virga solely based on a theory of respondeat superior. Without more, plaintiff cannot state a viable civil rights claim as to defendants Lopes and Virga.[1]

Second, plaintiff fails to state a claim under the Fourteenth Amendment. "[The treatment a prisoner receives and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). The Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety.'" Id. at 33 (quoting Deshaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200 (1989)). Claims that defendants failed to protect plaintiff from a

---

[1] This is particularly true for defendant Lopes. Matthew Lopes is the special master in Coleman v. Wilson, 2:90-cv-0520 LKK JM P, and plays no role in the custody or security of inmates, even those housed in units where mental health services are provided.

substantial risk of serious harm at the hands of other inmates are properly analyzed under the Eighth Amendment because plaintiff is a state inmate incarcerated pursuant to a valid conviction. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Helling, 509 U.S. at 35).

Here, plaintiff attempts to raise a claim under the Fourteenth Amendment. However, because the Eighth Amendment provides an explicit source of protection for the type of conduct alleged by plaintiff, his claim is properly stated under the Eighth Amendment, rather than the Fourteenth Amendment. Thus, plaintiff's allegations fail to state a claim under the Fourteenth Amendment because the claims are analyzed under the Eighth Amendment.

Third, plaintiff may be able to state a cognizable Eighth Amendment claim based on an alleged failure to protect plaintiff from the assaults by fellow inmates, provided plaintiff can allege facts demonstrating each defendant was deliberately indifferent to plaintiff's safety.

It is well established that a prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 828-29 (1994); Helling v. McKinney, 509 U.S. 25, 31-32 (1993); Wilson v. Seiter, 501 U.S. 294, 302 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. There are objective and subjective requirements which must be met to prevail on such an Eighth Amendment claim. First, for the objective requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, the prison official must have a sufficiently culpable state of mind. See id. Here the state of mind is one of deliberate indifference. See id. A prison official who knows of and disregards an excessive risk to an inmate's health or safety demonstrates deliberate indifference. See id. at 837. Thus, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id. However, an official who knows of a substantial risk to an inmate's health or safety but acts

reasonably under the circumstances will not be held liable under the cruel and unusual punishment clause, even if the threatened harm results. See id. at 843.

Here, although plaintiff alleges defendants Ng and McCartney are in charge of security during his escorts, this allegation is insufficient to show each defendant failed to protect plaintiff at the time of the above-referenced assaults. Plaintiff does not allege that either Ng or McCartney were present during these assaults by other inmates. Plaintiff alleges no specific facts tying defendant Ng to either of these inmate assaults. Plaintiff attempts to connect defendant McCartney's verbal threat[2] on June 22, 2010, with either one or both of these assaults. But plaintiff alleges no facts demonstrating further involvement on the part of defendant McCartney that would suggest his participation in either assault. Inmate Valenzuela did not attribute the assault to defendant McCartney. Finally, plaintiff must allege facts demonstrating both prongs of the deliberate indifference test, that each defendant knew plaintiff was at substantial risk of attack by Freitas or Valenzuela, yet failed to take steps to protect plaintiff. Accordingly, plaintiff is granted leave to file an amended complaint to state a cognizable Eighth Amendment claim.

Fourth, plaintiff's allegations do not demonstrate an equal protection violation. The Equal Protection Clause "is essentially a direction that all persons similarly situated be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Lee v. City of Los Angeles, 250 F.3d 668, 686-87 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Here, plaintiff does not allege facts susceptible of an inference that defendants discriminated against him on the basis of race, religion, or any other suspect

---

[2] Mere verbal abuse and threats do not violate the Eighth Amendment proscription against cruel and unusual punishment. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

classification. Rather, plaintiff merely alleges that he was "denied equal protection of the law under the Fourteenth Amendment." (Dkt. No. 1 at 14.) As noted above, plaintiff's failure to protect claims are properly analyzed under the Eighth Amendment. Thus, plaintiff fails to state an equal protection claim under the Fourteenth Amendment.

For all of the above reasons, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This

requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: May 25, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

driv2877.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BILLY DRIVER, JR., | | |
| | Plaintiff, | No. 2:11-cv-2877 KJN P |
| vs. | | |
| MATTHEW A. LOPES, JR., et al., | | NOTICE OF AMENDMENT |
| | Defendants. | |
| _____ / | | |

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____    Amended Complaint

DATED:

_____
Plaintiff